JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PARADISE CONCEPTS, INC. T/A KENWOOD POOLS, and others similarly situated

**(b)** County of Residence of First Listed Plaintiff **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Walter S. Zimolong, Esquire, Zimolong, LLC, 353 W. Lancaster Avenue, Suite 300, Wayne, PA 19087 (215) 665-0842

## DEFENDANTS

THOMAS W. WOLF, Governor of the Commonwealth of Pennsylvania, et al.

County of Residence of First Listed Defendant **Dauphin**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Setion 1983
Brief description of cause:
Injunctive and Declaratory for Violations Under the Fifth & Fourteenth Amendments

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____ DOCKET NUMBER _____

DATE
05/05/2020

SIGNATURE OF ATTORNEY OF RECORD
*Walter Zimolong*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARADISE CONCEPTS, INC. T/A KENWOOD POOLS, and others similarly situated. | : <br> : <br> : Civil Action No. <br> : <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| THOMAS W. WOLF, Governor of the Commonwealth of Pennsylvania, RACHEL LEVINE, M.D., Secretary of the Pennsylvania Department of Health, and DENNIS M. DAVIN, Pennsylvania Department of Community and Economic Development | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

## COMPLAINT

### Introduction

This is a challenge to Governor Thomas W. Wolf's policy of granting waivers to so called non-life sustaining businesses which allow those business to operate notwithstanding general orders shuttering all non-life sustaining businesses.

Plaintiff, Paradise Concepts, Inc. t/a Kenwood Pools, is a swimming pool retail store located in Levittown.  Kenwood Pools operates a retail store that sells pool products such as pool and spa chemicals, maintenance equipment, and accessories. Kenwood Pools also performs on site pool servicing. Kenwood derives at least 70% of its revenue from retail sales from its store and at most 30% of its revenue from on-site pool servicing.

Defendants are Pennsylvania Governor Thomas W. Wolf, Secretary of the Pennsylvania Department of Health, Rachel Levine, and Secretary of the Pennsylvania Department of Community and Economic Development, Dennis M. Davin. On March 19, 2020, Governor Wolf and Secretary Levine issued respective executive orders shuttering all non-life sustaining businesses (the "Business Closure Orders"). The stated purpose of these orders was to slow or control the spread of COVID-19. The Business Closure Orders stated that non-life sustaining businesses increased the risk of transmission and community spread of COVID-19. Despite this apparent increased risk, the Governor permitted non-life sustaining businesses to apply for a waiver from the Business Closure Orders through the Department of Community and Economic Development (DCED), which is the executive agency Governor Wolf tasked with processing the waiver requests (the "Waiver Policy"). If granted a waiver, a non-life sustaining business would be permitted to operate.

Over 42,000 business applied for waivers. The DCED granted nearly 7,000 waivers, including one for Governor Wolf's family business, Wolf Home Products. However, on April 3, 2020, the Governor abruptly ended the Waiver Policy with numerous applications still pending.

Governor Wolf and Secretary Levine determined that businesses like Kenwood Pools business were not life sustaining. Kenwood Pools complied with the Business Closure Orders and closed immediately and remains closed. After Kenwood Pools learned that two competitors had applied for and been granted waivers under the

Waiver Policy, Kenwood applied for a waiver too. But the DCED denied its application without explanation.

The Waiver Policy is unconstitutional for several reasons. First, the Waiver Policy violates the substantive due process clauses of the Fifth and Fourteenth Amendments because it lacks uniform guidelines and was applied arbitrarily. The Waiver Policy lacked any uniform standards, rules, regulations, or guidelines against which requests for waivers were judged. *Smith v. Goguen*, 415 U.S. 566, 572–73 (1974)(due process requires "legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact in order to prevent 'arbitrary and discriminatory enforcement.") Instead defendants have kept those rules – to the extent they exist - secret.  The Waiver Policy was also applied in a patently arbitrary manner because certain businesses received waivers while nearly identical businesses were denied. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845, (1998)("[t]he touchstone of due process is protection of the individual against arbitrary action of government.")

Second, the Waiver Policy violates due process's "constitutional cousin" the equal protection clause of the Fourteenth Amendment. Kenwood Pool's business is like its competitors in all relevant respects. It serves the same customers, has similar retail operations, and located within the same area.  Yet Kenwood was inexplicitly denied a waiver while its competitors had their waivers granted. The equal protection clause does not permit state officials to give special treatment to certain non-life

sustaining businesses which is different from the treatment given to all other so-called non-life sustaining businesses.

Kenwood Pools requests a declaratory judgment, injunctive relief, attorneys fees and costs.

## Parties, Jurisdiction, and Venue

1.     Plaintiff, Paradise Concepts, Inc. t/a Kenwood Pools ("Kenwood Pools"), is a Pennsylvania corporation with a place of business located in Levittown, PA.

2.     Kenwood files this complaint on its own behalf and others similarly situated.

3.     Defendant, Governor Thomas W. Wolf, is the Governor of the Commonwealth of Pennsylvania and is responsible for enforcing the laws of the Commonwealth of Pennsylvania, including the Business Closure Orders and the Waiver Policy.  Governor Wolf is named in his official capacity.

4.     Defendant, Rachel Levine, is the Secretary of the Pennsylvania Department of Health and is responsible for enforcing and implementing laws, regulations and policies aimed at the public health of Pennsylvania and its citizens, including the Business Closure Orders. Secretary Levine is named in an official capacity.

5.     Defendant, Dennis M. Davin is the Secretary of the Pennsylvania Department of Community and Economic Development and is responsible for enforcing and implementing the Waiver Policy, including rendering decisions on the

granting or denial of a waiver from the Business Closure Orders. Secretary Davin is sued in his official capacity.

6.      This Court has jurisdiction to hear this case under 28 U.S.C. §§ 1331, 1343 and 28 U.S.C.§ 1367.

7.      Venue is proper under 28 U.S.C. § 1391(b).

## Background

### A.  The Business Closure Orders.

8.      On March 19, 2020, in response to the COVID-19 pandemic, Governor Wolf issued an executive order prohibiting all non-life sustaining businesses from operating. A copy of the March 19, 2020 executive order is attached at Exhibit "A."

9.      Life sustaining businesses were permitted to remain open.

10.     Governor Wolf's executive order did not define the terms non-life sustaining business and life sustaining business.

11.     However, the executive order attached a list of the types of business that he considered life sustaining.

12.     That same day Secretary Levine issued a nearly identical order also requiring the closure of non-life sustaining businesses. A copy of Secretary Levine's March 19, 2020 order attached at Exhibit "B."

13.     Secretary Levine's order stated that non-life sustaining businesses create conditions that "will increase the risk of transmission and risk of community spread of COVID-19."

14.     That order does not explain why life sustaining businesses do not also create conditions that "will increase the risk of transmission and risk of community spread of COVID-19."

15.     Governor Wolf's March 19, 2020 executive order and Secretary Levine's March 19, 2020 order are referred to collectively as the "Business Closure Orders."

### B. The waiver application for non-life sustaining businesses.

16.     On March 20, 2020, Governor Wolf issued a press release stating that non-life sustaining businesses could seek a waiver from the DCED (the "Waiver Policy"). A copy of the press release is attached at Exhibit "C."

17.     The press release does not indicate the rules, regulations, and standards upon which requests for waivers would be judged.

18.     Rather, according to the press release, "a team of professionals at DCED will review each request and respond based on the guiding principle of balancing public safety while ensuring the continued delivery of critical infrastructure services and functions."

19.     The "team of professionals" adjudicating the waiver requests has never been disclosed.

20.     Over 42,000 non-life sustaining business applied for waivers under the Waiver Policy.

21.     DCED granted nearly 7,000 requests for waivers including a request for the Governor's family business, Wolf Home Products.

22.     However, on April 3, 2020, before processing all requests, Governor Wolf abruptly ended the Waiver Policy.

23.     Governor Wolf, Secretary Levine, and Secretary Davin all took part in the implementation and enforcement of the Waiver Policy and the decision as to which businesses were granted waivers and which businesses were denied waivers.

24.     Governor Wolf, Secretary Levine, and Secretary Davin acted under color of state law in the implementation and enforcement of the Waiver Policy and the decision as to which businesses were granted waivers and which businesses were denied waivers.

## C.  Kenwood Pools' waiver request and denial.

25.     Kenwood Pools operates a retail store in Levittown that sells pool and spa chemicals, filtration systems, heat pumps, gas heaters, pool toys and accessories, and maintenance equipment to the public.

26.     Kenwood Pools also has a swimming pool service department.

27.     At least 70% of Kenwood Pools' revenue is generated through the retail store.

28.     Early spring is a critical time for Kenwood Pools as it is the time when most swimming pool owners open their pools for the upcoming summer season.

29.     When the Business Closure Orders were issued, Kenwood Pools complied with those orders and closed it retail store.

30.     However, Kenwood Pools learned that two competitors, LA Pools and Spa and Leslie's Pool Supplies and Service Repairs, had requested and obtained

waivers under the Waiver Policy that permitted them to continue their respective retail operations.

31.    Like Kenwood Pools, LA Pools and Leslie's operate retail locations which sell pool and spa chemicals, equipment, heaters, pumps, and accessories to the public.

32.    Leslie's is located in Fairless Hills, which is approximately 3 miles from Kenwood Pools' location in Levittown.

33.    LA Pools is located in Hatboro, Pennsylvania, which is approximately 20 miles from Kenwood Pools' location in Levittown.

34.    So, Kenwood decided to request a waiver under the Waiver Policy too.

35.    However, despite its business being nearly identical to LA Pools and Leslie's, the DCED denied Kenwood's waiver request without explanation.

## Class Allegations

36.    Kenwood Pools sues for itself and on behalf of a class of businesses that were denied waivers under the Waiver Policy or who applied for waivers under the Waiver Policy but received no response.

37.    This class is certifiable under Fed.R.Civ.P. 23(b)(1)A), (b)(1)(B), (b)(2) and (b)(3).

38.    The number of the persons in each of these classes makes joinder of the individual class members impractical. In fact, defendants have denied repeated requests, including a request from the Pennsylvania Senate, for a list identifying the names of the businesses that were granted waivers and those that were denied. Moreover, Governor Wolf has closed the Commonwealth's Right to Know Office,

which is the agency responsible for handling a request from members of the public for such a list.

39.     There are common questions of law and fact common to the class.

40.     Kenwood Pools' claims are typical of other class members.

41.     Kenwood Pools' will adequately represent the interests of its fellow class members and it has no interest antagonistic to the proposed class. Kenwood Pools seeks to achieve a common goal shared by all class members.

42.     The proposed class qualifies for certification under Rule 23(b)(3), because the common issues of law predominate over the questions affecting individual members, and a class action is superior means of resolving the common legal questions because all class members are subjected to the same violation of their constitutional rights.

## CAUSES OF ACTION

### COUNT I
### Violation of Substantive Due Process under the Fifth and Fourteenth Amendments

43.     Kenwood Pools incorporates the previous paragraphs by reference.

44.     Kenwood Pools has a protectable property interest in its right to operate its business free from arbitrary government interference and a right to use its retail location in a lawful manner.

45.     Under the due process clause of the Fifth Amendment to the United States Constitution, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

46.     Under the due process clause of the Fourteenth Amendment to the United States Constitution, no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV.

47.     From inception, courts have explained due process as "the core of the concept to be protection against arbitrary action." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998)

48.     "We have emphasized time and again that '[t]he touchstone of due process is protection of the individual against arbitrary action of government'" *Id.*

49.     The due process clause "like its forebear in the Magna Carta. . . was intended to secure the individual from the arbitrary exercise of the powers of government." *Daniels v. Williams*, 474 U.S. 327, 331 (1986)

50.     The Waiver Policy constitutes arbitrary, capricious, irrational, and abusive conduct in contravention of the due process clauses of the Fifth and Fourteenth Amendments.

51.     The Waiver Policy denied Kenwood Pools and the class members a protectable property interest.

52.     The Waiver Policy violated Kenwood Pools' and its fellow class members' substantive due process rights.

53.     Defendants' conduct shocks the conscious.

54.     Defendants' conduct does not comport with the traditional notions of fair play and decency. *Lassiter v. Dep't of Soc. Servs. of Durham Cty., N. C.*, 452 U.S. 18,

24, (1981)(explaining that the phrase "due process" "expresses the requirement of 'fundamental fairness.")

55.    Defendants' conduct was intentional, wanton, and willful.

## COUNT II
### Violation of the equal protection clause of the Fourteenth Amendment

56.    Kenwood Pools incorporates the previous paragraphs by reference.

57.    Under the equal protection clause of the Fourteenth Amendment of the United States Constitution, no state shall deny "any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV

58.    "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564, (2000)

59.    The equal protection clause also protects against state action that lacks any uniform set of standards or rules. *Bush v. Gore*, 531 U.S. 98, 110 (2000).

60.    Defendants applied the Waiver Policy differently to Kenwood Pools that it did to LA Pools and Leslie's.

61.    LA Pools and Leslie's are similarly situated to Kenwood Pools in all relevant respects.

62.    Defendants did so intentionally.

63.    There is no rational basis to explain the difference in treatment.

64.    Kenwood Pools' class members were also treated differently from those similarly situated.

65.    Defendants did so intentionally.

66.    And there is also no rational basis to explain that disparate treatment.

67.    The Waiver Policy lacked uniform standards that applied equally to all applicants for waivers.

68.    Defendants violated Kenwood Pools' and its class members' right to equal protection under the Fourteenth Amendment.

## DEMAND FOR RELIEF

69.    Plaintiffs respectfully requests that this Court:

    a.    Declare that the Waiver Policy violates plaintiffs' substantive due process rights under the Fifth and Fourteenth Amendments;

    b.    Declare that defendants are violating plaintiffs' federal protected rights under 42 U.S.C. § 1983;

    c.    Enter a preliminary injunction, pending final resolution, requiring defendants to continue to process requests for waivers under the Waiver Policy;

    d.    Enter a preliminary injunction, pending final resolution, requiring defendants to promulgate uniform standards for the adjudication of all requests for waivers;

    e.    Enter a preliminary injunction, pending final resolution, requiring defendants to issue Kenwood Pools a waiver under the Waiver Policy;

f.  Award plaintiffs costs and attorneys fees under 42 U.S.C. § 1988; and

g.  Award all other relief that this Court deems just, proper, or equitable.

Respectfully submitted,

Date:  May 5, 2020                          By:_/s/ Walter S. Zimolong, Esquire_
                                                Walter S. Zimolong, Esquire
                                                Zimolong, LLC
                                                wally@zimolonglaw.com
                                                PO Box 552
                                                Villanova, PA 19085-0552
                                                Tele: 215-665-0842
                                                Attorneys for Plaintiffs