IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PARADISE CONCEPTS, INC., ET AL.          :
*AND OTHERS SIMILARLY SITUATED*          :
                                                                     :          CIVIL ACTION
                 v.                    :
                                                                    :          NO.  20-2161
THOMAS W. WOLF, ET AL.                   :

## MEMORANDUM

**SURRICK, J.**                                                                         **AUGUST 31, 2020**

       In response to the COVID-19 pandemic, Governor Tom Wolf and other Pennsylvania state officials issued various orders and implemented programs to combat the spread of the virus. Plaintiffs, three Pennsylvania businesses that were forced to close as a result of the orders, contend that these government actions have infringed on their constitutional rights.

       Presently before the Court is Defendants' Motion to Dismiss.  For the following reasons, the Motion will be granted in part and denied in part.

**I.     BACKGROUND**

       On March 19, 2020, in response to the COVID-19 pandemic, Defendant, Governor Wolf, issued an executive order "regarding the closure of all businesses that are not life sustaining." (SAC ¶ 10 & Ex. A, ECF No. 4.)  That same day, Defendant Rachel Levine, Secretary of the Pennsylvania Department of Health, issued a similar order.  (*Id*. ¶ 14 & Ex. B.)  These orders effectively closed all non-life sustaining businesses in Pennsylvania.  (*See id*. ¶¶ 10-17 & Exs. A & B.)

       The following day, Governor Wolf issued a press release explaining that non-life sustaining business could seek a waiver from the March 19 business closure orders from the Department of Community and Economic Development ("DCED").  (*Id*. ¶ 18 & Ex. C.)  The

press release provided that "a team of professionals at DCED [would] review each request and respond based on the guiding principle of balancing public safety while ensuring the continued delivery of critical infrastructure services and functions." (*Id*. Ex. C.)

Over 42,000 non-life sustaining businesses applied for waivers and nearly 7,000 were granted, including a waiver for Governor Wolf's family business, Wolf Home Products. (*Id*. ¶¶ 22-23.) On April 3, 2020, before DCED had processed all of the waiver requests that it received, Governor Wolf ended the waiver program. (*Id*. ¶ 24.) Governor Wolf, Secretary Levine, and DCED Secretary Dennis Davin were responsible for enforcing and implementing the waiver program. (*Id*. ¶¶ 25-26.)

On April 28, 2020, Defendant Kalonji Johnson, Commissioner of the Pennsylvania Bureau of Professional and Occupational Affairs ("BPOA"), issued "guidance for appraisers, notaries, title companies, and home inspectors," related to real estate transactions during the pandemic. (*Id*. ¶ 27 & Ex. D.) According to this guidance, appraisers, notaries, title companies, and home inspectors could operate regardless of the business closure orders, but only with respect to homes that were under contract before March 18, 2020. (*Id*. ¶ 29.) The guidance also permitted appraisers, notaries, title companies, and home inspectors to perform in-person activities, such as showings, appraisals, and inspections, as long as the participants wore masks, gloves, and foot coverings. (*Id*. ¶ 30.)

Plaintiff Kenwood Pools operates a retail store in Levittown, Pennsylvania. It sells pool and spa chemicals, filtration systems, heat pumps, gas heaters, pool toys, and maintenance equipment. It also offers swimming pool services. (*Id*. ¶¶ 32-33.) Kenwood Pools complied with the March 19 business closure orders, but eventually learned that two of its nearby competitors, LA Pools and Spa and Leslie's Pool Supplies and Service Repairs, had obtained

waivers.  (*Id.* ¶¶ 36-40.)  Like Kenwood Pools, LA Pools and Leslie's Pool Supplies operate retail locations and sell pool products.  (*Id.* ¶ 38.)  Leslie's Pool Supplies is three miles from Kenwood Pools and LA Pools is 20 miles from Kenwood Pools.  (*Id.* ¶ 40.)  Despite the similarities among these businesses, when Kenwood Pools attempted to obtain a waiver, its request was denied without explanation.  (*Id.* ¶¶ 41-42.)

Plaintiff WIN Home Inspection, of Elizabethtown, Pennsylvania, also applied for a waiver.  Although WIN's competitor, Trimmer Home Inspections, obtained a waiver, WIN's request for a waiver was denied.  WIN and Trimmer are ten miles from one another and serve the same customers.  (*Id.* ¶¶ 43-47.)

Plaintiff MQRE, a Philadelphia realtor, opted not to request a waiver because it thought that doing so would be futile.  It eventually learned, however, that another realtor, just blocks away, received a waiver.  (*Id.* ¶¶ 48-51.)

Plaintiffs initiated this class action suit on May 5, 2020.  (ECF No. 1.)  On May 8, 2020, they filed a Second Amended Complaint, alleging:  (Count I) a violation of their substantive due process rights, as guaranteed by the Fifth and Fourteenth Amendments; and (Count II) a violation of their rights to equal protection, as guaranteed by the Fourteenth Amendment.  (SAC ¶¶ 59-87.)  On August 3, 2020, Defendants filed this Motion to Dismiss for lack of subject matter jurisdiction and for failure to state a claim.  (ECF No. 11.)

## II.    DISCUSSION

### A.    Standard of Review

In order to adjudicate a case, a federal court must have subject matter jurisdiction.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541-42 (1986).  Defendants challenge this Court's subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  "In

evaluating a Rule 12(b)(1) motion, a court must first determine whether the movant presents a facial or factual attack." *In re Schering Plough Corp.*, 678 F.3d 235, 23 (3d Cir. 2012). "In reviewing a facial challenge, which contests the sufficiency of the pleadings, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" *Id.* (quoting *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). "A factual attack, on the other hand, is an argument that there is no subject matter jurisdiction because the facts of the case … do not support the asserted jurisdiction." *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). On a factual attack, the "court may weigh and 'consider evidence outside the pleadings.'" *Id.* (quoting *Gould Elecs. Inc.*, 220 F.3d at 176).

      Although Defendants do not dispute any of the facts alleged by Plaintiffs, they point to several articles and press releases regarding the course of the pandemic, including the gradual reopening of Pennsylvania and Pennsylvania businesses since the March 19 business closure orders. Indeed, as we indicate below, *infra* n.1, the essence of Defendants' jurisdictional argument is that because Plaintiffs are now free to operate their businesses, this matter is now moot. We treat this argument as a factual attack. *See Molina v. Pennsylvania Soc. Serv. Union*, 392 F. Supp. 3d 469, 477-78 (M.D. Pa. 2019).

      With regard to Defendants' assertion that Plaintiffs have failed to state a claim, "a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face'" to survive a motion to dismiss pursuant to Rule 12(b)(6). *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A complaint has facial plausibility when there is enough factual content 'that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When considering the sufficiency of a complaint on a 12(b)(6) motion, a court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff."  *Id*. (citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  The court should also consider the exhibits attached to the complaint and matters of public record.  *See Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

  **B.**  **Substantive Due Process Does Not Protect Plaintiffs' Business Interests** [1]

Plaintiffs allege that they "have a protectable property interest in their right to earn a living, right to operate their businesses free from arbitrary government interference and a right to use their retail locations in a lawful manner."  (SAC ¶ 60.)

The Fifth Amendment provides that "[n]o person shall … be deprived of life, liberty, or property, without due process of law…."  U.S. Const. amend. V.  The Fourteenth Amendment

---

[1] Mindful that subject matter jurisdiction is a "threshold issue" that should be addressed before 12(b)(6) issues, *Saleh v. Holder*, 84 F. Supp. 3d 135, 138 (E.D.N.Y. 2014), we note that subject matter jurisdiction is plausible here.  The parties appear to agree that Plaintiffs are no longer subject to the business closure orders, but they do not agree as to whether these changed circumstances render this case moot, which in turn would strip us of subject matter jurisdiction. *See Molina*, 392 F. Supp. 3d at 477-78.  "It is well settled that the voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of that practice, if the conduct might reasonably be expected to recur."  *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 231 n.2 (3d Cir. 2008).  At this juncture, it appears that the pandemic is likely to persist, such that government officials may issue similar closure orders in the future to further combat the spread of COVID-19.  Accordingly, at this stage of the litigation (and of the pandemic), Defendants cannot meet their burden of establishing mootness due to a change in Defendants' conduct.  *See Molina*, 392 F. Supp. 3d at 478 (citing *Friends of the Earth, Inc. v. Laidlaw Envmt'l Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).  For the same reasons, we are not persuaded by Defendants' assertion that Eleventh Amendment sovereign immunity bars Plaintiffs' claims because the claims pertain only to past conduct.  *See KM Enters., Inc. v. McDonald*, No. 11-5098, 2012 WL 4472010, at *10-11 (E.D.N.Y. Sept. 25, 2012) (collecting cases holding that exception to sovereign immunity under *Ex Parte Young* applies where there is a "threat of future enforcement").  The parties and Court may address these issues again as the case and pandemic progress.  *See* Fed. R. Civ. P. 12(h)(3).

similarly provides that no *state* shall "deprive any person of life, liberty, or property, without due process of law…." U.S. Const. amend. XIV. "Substantive due process is a 'component of the [Fourteenth Amendment] that protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them.'" *Wrench Transp. Sys., Inc. v. Bradley*, 340 F. App'x 812, 815 (3d Cir. 2009) (internal quotations omitted) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)).

In a non-precedential decision, the Third Circuit in *Bradley* held that the "right to engage in business" is "more similar to the type of intangible employment rights that [the court] has rejected as not protected by substantive due process than the real property interests which can be protected by substantive due process." *Id*. (internal quotations omitted) (collecting cases). More recent decisions by and within the Third Circuit have cited to this holding approvingly. *See*, *e.g.*, *Joey's Auto Repair & Body Shop v. Fayette Cnty.*, 785 F. App'x 46, 50 (3d Cir. 2019) (noting that "a substantive due process right to conduct business without zoning interference extends beyond our precedent"); *Saucon Valley Manor, Inc. v. Miller*, 392 F. Supp. 3d 554, 571-72 (E.D. Pa. 2019) (holding that "neither the right to operate a business nor the property interest in a business license are 'fundamental' rights or property interests protected by substantive due process").

Plaintiffs cite the Third Circuit's decision in *Piecknick v. Commonwealth* for the proposition that "[t]he right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and 'property' concepts of the Fifth and Fourteenth Amendments." 36 F.3d 1250, 1259 (3d Cir. 1994) (quoting *Greene v. McElroy*, 360 U.S. 474, 492 (1959)). This principle is distinguishable from the holding in *Bradley*, and *Bradley* and *Piecknick* are not otherwise inconsistent with one

another.  *Bradley* addresses the right to operate a specific business.  *Piecknick* is concerned with "'the right to work for a living.'"  *Id*. (quoting *Truax v. Raich*, 239 U.S. 33, 41 (1915)).  As *Piecknick* explains, "'[t]he Constitution only protects this liberty from state actions that threaten to deprive persons of the right to pursue their chosen occupation.  State actions that exclude a person from one particular job are not actionable in suits … brought directly under the due process clause.'"  *Id*. (quoting *Bernard v. United Twp. High Sch. Dist. No. 30*, 5 F.3d 1090, 1092 (7th Cir. 1993)).  "'It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment.'"  *Id*. (quoting *Bernard*, 5 F.3d at 1092).

The business closure orders imposed temporary restraints on businesses.  They did not deprive any individuals of their right to pursue a particular line of work.  *See Greene*, 360 U.S. at 492 (noting that the "revocation of security clearance caused [the] petitioner to lose his job … and … seriously affected, if not destroyed, his ability to obtain employment in the aeronautics field").  Moreover, even if there were a deprivation of one's right to work, any deprivation was temporary, and the case law strongly suggests that Substantive Due Process only extends to situations in which there is some degree of permanence to the loss of liberty or property.  *See Six v. Newsom*, --- F. Supp. 3d ---, No. 20-877, 2020 WL 2896543, at *7 (C.D. Cal. May 22, 2020) (holding that the right to earn a living "protects against 'a complete prohibition of the right to engage in a calling' and not against brief interruptions to that pursuit" (quoting *Conn v. Gabbert*, 526 U.S. 286, 292 (1999))).

For these reasons, we conclude that Plaintiffs' claims concerning the right to operate a business are not actionable in a Substantive Due Process claim.

### C.     Plaintiffs' Equal Protection Claim is Plausible

Plaintiffs allege that Defendants violated their Fourteenth Amendment Equal Protection rights by issuing waivers to Plaintiffs' competitors, but not to Plaintiffs.

The Fourteenth Amendment prohibits states from "deny[ing] to any person within [their] jurisdiction the equal protection of the laws."  U.S. Const. amend. XIV.  Because Plaintiffs do not allege membership in a historically disparaged class or group, they are proceeding on a "class of one" theory.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (noting that the "class of one" theory applies where "the plaintiff did not allege membership in a class or group").  To state an equal protection claim under this theory, "a plaintiff must allege that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment."  *Hill v. Bor. of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Defendants assert that Plaintiffs cannot satisfy the rational basis element.  "Rational basis review is a very deferential standard" that can bet met "'if there is any reasonably conceivable state of facts that could provide a rational basis' for the differing treatment.'"  *Newark Cab Assoc. v. City of Newark*, 901 F.3d 146, 156 (3d Cir. 2018) (quoting *United States v. Walker*, 473 F.3d 71, 77 (3d Cir. 2007)).  To assess the rational basis element on a motion to dismiss, courts typically consider defendants' arguments in their motion in conjunction with the complaint.  *See Hunters United for Sunday Hunting v. Pennsylvania Game Comm'n*, 28 F. Supp. 3d 340, 348 (M.D. Pa. 2014); *Cradle of Liberty Council, Inc. v. City of Philadelphia*, No. 08-2429, 2008 WL 4399025, at *7 n.3 (E.D. Pa. Sept. 25, 2008).  "[A]lthough '[t]he rational basis standard … cannot defeat the plaintiff's benefit of the broad Rule 12(b)(6) standard,'" *Hunters United*, 28 F. Supp. 3d at 348 n.11 (quoting *Montanye v. Wissahickon Sch. Dist.*, 327 F.Supp.2d 510, 520

(E.D. Pa. 2004)), the Court must "'apply the resulting 'facts' [from the complaint] in light of the deferential rational basis standard.'" *Id*. (quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)).

Relying strictly on the pleadings, we cannot ascertain any reason why Plaintiffs were treated differently from their nearby competitors.[2] Defendants argue that Kenwood Pools and LA Pools had different business models and suggest that the two businesses' in-person retail operations were different in scope, but the allegations in the Second Amended Complaint cannot be read to support that distinction. To the contrary, the only reasonable inference to be drawn from the Second Amended Complaint is that nearly identical businesses were treated differently under the waiver program.

Accordingly, Plaintiffs' Equal Protection claim is plausible.

## III.   CONCLUSION

We are skeptical of claims seeking to challenge emergency government action taken to combat a once-in-a-century global health crisis. *See South Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613-14 (May 29, 2020) (Mem.) (Roberts, C.J., concurring) (noting that when government officials "undertake[] to act in areas fraught with medical and scientific uncertainties, their latitude must be especially broad" and "should not be subject to second-guessing by an unelected federal judiciary" (internal quotations and citations omitted)). However, our role in adjudicating this Motion is limited to determining whether Plaintiffs have stated a plausible claim.

---

[2] We disregard MQRE's experience. As Plaintiffs admit, MQRE did not even apply for a waiver.

For the foregoing reasons, Defendants' Motion to Dismiss will be granted in part and denied in part. An appropriate order follows.

                 **BY THE COURT:**

                 **/s/ R. Barclay Surrick**
                 **R. BARCLAY SURRICK, J.**